Commonwealth *v.* Brown, Appellant.

Submitted December 3, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, and CERCONE, JJ. (SPAULDING and SPAETH, JJ., absent.)

Before SPAETH, JR., J.

*Paul B. Pollack*, for appellant.

*Maxine J. Stotland* and *David Richman*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District

Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P.J., April 3, 1974:

This is an appeal from the judgment of re-sentence by the Court of Common Pleas, Criminal Division, of Philadelphia County.

The appellant, Samuel Brown, was tried and convicted of rape and indecent assault on two victims, Saola Mandy and Carol Ann Bechtel. On April 28, 1960, after a denial of post-trial motions, he was sentenced under the Barr-Walker Act of one day to life. Sentence was suspended on other indictments.

He was given post-conviction relief and after a hearing, the sentence was vacated because of the unconstitutionality of the Barr-Walker Act. *Commonwealth v. Dooley,* 209 Pa. Superior Ct. 519, 232 A. 2d 45 (1967). On May 16, 1969, he was resentenced to a term of imprisonment of not less than 7½ years nor more than 15 years. This appeal followed.

There was overwhelming evidence to support the charges, and we do not intend to review the facts except as to the similarity in both cases. The appellant's strategy at trial seemed to be to seek acquittal on his alibi defense. The jury did not believe him. Both victims positively identified him in court.

The appellant complains that the court below in its charge only defined the crime of forcible rape to the jury and failed to define indecent assault and lesser offenses included in the rape indictments. However, he failed to object to this aspect of the charge and has waived any merit in this issue on appeal. *Commonwealth v. Watlington,* 452 Pa. 524, 306 A. 2d 892 (1973); *Commonwealth v. Sullivan,* 450 Pa. 273, 299 A. 2d 608 (1973); Rule 1119(b), Pennsylvania Rules of Criminal Procedure.

The court below properly refused the motion of the appellant to sever the indictments based on the attack on the two women. The grant or denial of severance is a matter of the discretion of the trial court whose conclusion will be reversed only for manifest abuse of discretion or prejudice or clear injustice to the defendant. *Commonwealth v. Peterson,* 453 Pa. 187, 307 A. 2d 264 (1973).

In the instant case, the evidence disclosed common schemes so related to each other that had they been tried separately, the evidence of either one may well have been admissible in the other because of the logical connection between the two crimes to establish a common scheme, plan or design. *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A. 2d 334 (1955).

The two rapes are amazingly similar in execution. Mandy was grabbed at 18th and Ontario Streets at 12:10 a.m. on November 8, 1959, and dragged into a nearby alley, overpowered, her clothing put aside and raped; Bechtel, on November 9, 1959, at 10:45 p.m. at Westmoreland Street between Sydenham and Fifteenth Streets, was dragged into a nearby alley, overpowered, her clothing put aside and raped. Given the common characteristics of the two crimes and their proximity in time and place, the proof of one may well have qualified it for admission at the trial of the other. *Commonwealth v. Wable,* supra.

Even if we conclude that the evidence of one did not so qualify for admission, the court below did not manifestly abuse its discretion in refusing to sever the cases. In a case where the defendant was tried for four separate drug sales during a six day period, the Federal Court stated: ". . . a severance of counts is not required where the evidence even when not mutually admissible in separate trials, is so simple that the jury should encounter no substantial difficulty in properly confining its treatment within zones of relevance."

*Robinson v. United* States, 459 F. 2d 847 (D.C. Cir. 1972). And as was said in *Commonwealth v. Peterson,* supra, at page 200 : "... in certain instances of similar offense joinder when the admissibility test is not met but the evidence is capable of separation by the jury, the danger of confusion is not present and joinder is permissible." *Peterson* seems to agree with the approach set forth in *U. S. v. Lotsch,* 102 F. 2d 35, 36 (2d Cir.), *cert. denied,* 307 U.S. 622 (1939) : "When the accused's conduct on several separate occasions can properly be examined in detail, the objection disappears, and the only consideration is whether the trial as a whole may not become too confused for the jury. . . . Here we can see no prejudice from joining the three charges : The evidence as to each was short and simple; there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each. The joinder was therefore proper, . . ." See also, *Baker v. United States,* 401 F. 2d 958 (D.C. Cir. 1968) ; *Gray v. United States,* 356 F. 2d 792 (D.C. Cir. 1966).

Finally, the appellant contends that in the light of the retroactivity of *Jackson v. Denno,* 378 U.S. 368 (1964), this case must be remanded to the trial court for the determination of the voluntariness of his confession. *Commonwealth ex rel. Butler v. Rundle,* 416 Pa. 321, 206 A. 2d 283 (1965). However, in the instant case both victims positively identified the appellant in court as their assailant so even if it could be determined that the confession was erroneously admitted into evidence, the error was harmless enough beyond a reasonable doubt in light of the overwhelming evidence of his guilt presented at trial. *Commonwealth v. Diaz,* 438 Pa. 356, 264 A. 2d 592 (1970) ; *Milton v. Wainwright,* 407 U.S. 371, 92 S. Ct. 2174 (1972) ; *Commonwealth v. Witherspoon,* 442 Pa. 597, 277 A. 2d 827 (1971).

Judgment of sentence affirmed.

SPAULDING and SPAETH, JJ., took no part in the consideration or decision of this case.