402 A.2d 1052

**COMMONWEALTH of Pennsylvania**

v.

**Samuel T. GRASSMYER, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided May 4, 1979.

12

Philip W. Savitz, Hollidaysburg, for appellant.

Thomas G. Peoples, Jr., District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

■ Appellant was tried on April 30–May 2, 1974, on charges of statutory rape, aggravated assault, indecent as-

sault, and endangering the welfare of children, and was convicted on all counts. On direct appeal, we reversed the conviction for statutory rape because of a lack of evidence on the essential element of penetration, and affirmed the convictions on the remaining charges. *Commonwealth v. Grassmyer*, 237 Pa.Super. 394, 352 A.2d 178 (1975). On September 10, 1976, appellant filed a *pro se* PCHA petition alleging ineffective assistance of counsel, later amended orally by court-appointed counsel at a hearing on January 10, 1977, at which no evidence was taken. On August 5, 1977, the court below dismissed appellant's petition. Because appellant's direct appeal counsel was from the same Public Defender's office as his trial counsel, appellant has not waived his claims of ineffectiveness. *Commonwealth v. Hairston*, 251 Pa.Super. 93, 95, 380 A.2d 393, 394 (1977).

Appellant raises six separate instances of alleged ineffective assistance of counsel. The court below erroneously dismissed all of the claims without a hearing.

Some of appellant's claims, even if true, do not entitle appellant to relief, and upon these we affirm the order of the court below. Other claims allege facts, which if true, show a meritorious issue not raised by trial counsel, and upon these we remand for an evidentiary hearing. *See* 19 P.S. § 1180–9; *Commonwealth v. Strader*, 262 Pa.Super. 166, 170, 396 A.2d 697, 699 (1978); *Commonwealth v. Payton*, 253 Pa.Super. 422, 428, 385 A.2d 410, 414 (1978).

■ Appellant first contends that trial counsel was ineffective for failing to move for a severance of the statutory rape charge from the other charges of aggravated assault, indecent assault, and endangering the welfare of a child, all of which grew out of his attack on a five-year old girl left in his custody. Since all four charges grew out of the same criminal act, it was proper to try all charges together. *See Commonwealth v. Brown*, 227 Pa.Super. 410, 323 A.2d 223 (1974); *Commonwealth ex rel. Conyers v. Banmiller*, 193 Pa.Super. 368, 165 A.2d 278 (1960); *Commonwealth ex rel. Tokarchik v. Claudy*, 174 Pa.Super. 509, 102 A.2d 207 (1954). Therefore, it was correct to dismiss this contention without a hearing.

■ Appellant next contends that trial counsel was ineffective for failing to raise the issue of the merger of the offenses of aggravated assault and endangering the welfare of children. However, "[a] single act . . . may constitute two or more separate offenses if each offense requires proof of facts additional to those involved in the other." *Commonwealth v. Ruehling*, 232 Pa.Super. 378, 383, 334 A.2d 702, 704 (1975). The offense of aggravated assault, 18 Pa.C.S.A. § 2702(a)(1), requires that the defendant cause or attempt to cause serious bodily injury to the victim, an essential element not required in the endangering the welfare of children offense. The endangering statute, 18 Pa.C.S.A. § 4304, requires that the defendant have a certain status relationship to the victim (parent, guardian, or supervisor), that the victim be under 18 years of age, and that the defendant's act is a violation of a duty of care, protection, or support. None of these essential elements are necessary to prove an aggravated assault. Because the claim of merger is without merit, the court below was correct in dismissing it without a hearing.

■■ Appellant next contends that the trial counsel was ineffective for failing to challenge the admissibility of inculpatory statements he gave to the police, on the grounds that he was intoxicated at the time. Intoxication of the declarant is relevant to prove both the unreliability of the statement, because he did not have sufficient mental capacity to comprehend his statement or intend to make it, and to prove the involuntariness of his statement, because he was too intoxicated to make a knowing and intelligent waiver of his right to remain silent. *See Commonwealth v. Culberson*, 467 Pa. 424, 427–28, 358 A.2d 416 (1976); *Commonwealth v. Smith*, 447 Pa. 457, 291 A.2d 103 (1972); *Commonwealth v. Watson*, 239 Pa.Super. 426, 360 A.2d 710 (1976). Because the facts of appellant's intoxication, if true, reveal a meritorious issue not pursued by counsel, we remand for an evidentiary hearing on this issue.

■■ Appellant also contends that because he was intoxicated at the time he committed the offenses, counsel was

ineffective in not attempting to prove his intoxication to negate the specific intent required for each of the offenses. However, we have just recently held that when serious bodily injury is actually inflicted, aggravated assault is *not* a specific intent crime,[1] and therefore intoxication would not be relevant to disproving the requisite intent of that offense. *Commonwealth v. Frank*, 263 Pa.Super. 452, 466, 398 A.2d 663, 670 (1979). On the other hand, endangering the welfare of children is a specific intent crime [2] so evidence of intoxication would be relevant to negative the requisite mental state of that offense.[3] Likewise, at the time of appellant's conviction for indecent assault, that offense also required specific intent,[4] so again appellant's intoxication would have been admissible. Thus, it was correct to dismiss this contention as it regards the aggravated assault conviction, but we remand

1. Under Section 2702(a)(1), one is guilty of aggravated assault if he either attempts to cause serious bodily harm, or if he causes such injury in fact intentionally, knowingly, *or recklessly.* The attempt to cause serious bodily injury, is, like all criminal attempts, a specific intent crime. 18 Pa.C.S.A. § 903(a); *Mt. Lebanon Motors, Inc. v. Chrysler Corp.*, 283 F.Supp. 453, 462 (W.D.Pa.1968). *See generally Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661 (1975). However, because a successful infliction of serious bodily injury, as in the instant case, is criminal if recklessly inflicted, specific intent is not required. *See* 18 Pa.C.S.A. § 302(b)(3) (defining recklessness not as intent to achieve particular result but as conscious disregard of substantial and unjustifiable risk).

2. The statute requires that the defendant "knowingly" endanger the victim's welfare. 18 Pa.C.S.A. § 4304. *See* 18 Pa.C.S.A. § 302(b)(2)(ii) (defining "knowingly" as awareness that proscribed conduct is practically certain to result from actor's conduct).

3. At the time of the instant case, the law of the Commonwealth provided that intoxication was admissible where relevant to negate an essential element of an offense. Act of December 6, 1972, P.L. 1482, 1496, No. 334, § 308. However, voluntary intoxication is no longer relevant to culpability except to reduce murder from a higher to a lower degree. Act of April 7, 1976, P.L. 72, No. 32, § 1; 18 Pa.C.S.A. § 308 (Supp.1977–78).

4. The former statute, Act of December 6, 1972, P.L. 1482, 1531, No. 334, § 3126(1), applicable to this case, required that the defendant *know* his contact was offensive to the victim. However, indecent assault is no longer a specific intent crime, since the statute now only requires that the contact is made "without the consent" of the victim. 18 Pa.C.S.A. § 3126(1) (Supp.1977–78).

for an evidentiary hearing to determine (1) whether appellant was intoxicated at that time and, (2) if so, whether trial counsel had any reasonable basis for not raising this issue on the charges of endangering the welfare of children and indecent assault.

Appellant next contends that trial counsel was ineffective for failing to bring to the court's attention the fact that one of the jurors was continually inattentive and sometimes asleep during the trial. It is true that the trial judge may replace principal jurors who become "unable or disqualified to perform their duties." Pa.R.Crim.P. 1108(a). However, before we can review the wide discretion afforded the trial judge in this regard, *Commonwealth v. Black*, 474 Pa. 47, 56, 376 A.2d 627, 632 (1977), there must be a sufficient record of competent evidence on the grounds for removal. *Commonwealth v. Saxton*, 466 Pa. 438, 442, 353 A.2d 434, 436 (1976) (juror allegedly inattentive, yawning, continually dozing off). Thus, we remand for an evidentiary hearing to determine whether the juror here was inattentive or asleep during trial, and if so, if counsel had any reasonable basis for not bringing this to the attention of the trial judge.

Appellant lastly contends that trial counsel was ineffective for failing to cross-examine a Commonwealth witness, Dr. Raja Rama Lingam Venkatappan, on a prior inconsistent statement he made at appellant's preliminary hearing. Appellant has not pointed out to us the alleged inconsistency, and my review of the record fails to reveal any inconsistency between Dr. Venkatappan's testimony at the preliminary hearing and at trial. Therefore, it was correct for the court below to dismiss the contention without a hearing.

In sum, we reverse the order of the court below in part and remand for an evidentiary hearing on the issues of (1) appellant's alleged intoxication, insofar as it is relevant to the admissibility of his statements to the police and his culpability for the offenses of indecent assault and endangering the welfare of children and (2) the alleged inattentiveness and slumbering of one juror. Otherwise, we affirm the order of the court below.

Affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.