502 A.2d 241

COMMONWEALTH of Pennsylvania, Appellant,

v.

Jack MAGNELLI.

Superior Court of Pennsylvania.

Submitted June 18, 1985.

Filed Dec. 20, 1985.

Melinda G. Tell, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

August J. Costanzo, Pittsburgh, for appellee.

Before ROWLEY, OLSZEWSKI and DEL SOLE, JJ.

## OPINION OF THE COURT

ROWLEY, Judge:

Appellee was convicted by a jury of aggravated assault [1] and obstructing administration of law or other governmental function.[2] The trial court arrested judgment on the aggravated assault conviction and the Commonwealth has appealed from that Order.

In alleging that the trial court erred, the Commonwealth presents two arguments. First, the Commonwealth argues that there was sufficient evidence to support a finding that the victim sustained serious bodily injury. Second, the Commonwealth argues that the trial court erred when it found that the Commonwealth failed to prove the element of specific intent because specific intent need not be proved when serious bodily injury has actually been inflicted.

Appellee has not presented a brief to this Court.

The trial court granted appellee's motion in arrest of judgment because "the actions of [appellee], under the circumstances, did not measure up to an attempt to cause serious bodily injury *under circumstances manifesting an extreme indifference to the value of human life.*" Trial court's opinion at 5–6 (emphasis in original). The trial court analogized appellee's act to an isolated shove, or the act of throwing someone to the ground and found that the connection between the officer's injuries and appellee's "acts is so attenuated that this court feels that the result was in no way within the intent or contemplation of [appellee]." *Id.* at 6.

In reviewing the trial court's order

we must examine all the evidence in the light most favorable to the Commonwealth as verdict winner. *Com-*

1. 18 Pa.Cons.Stat. § 2702(a)(1).
2. 18 Pa.Cons.Stat. § 5101.

*monwealth v. Meadows,* 471 Pa. 201, 369 A.2d 1266 (1977). The standard used in our evaluation is '[w]hether accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict; it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged.' *Commonwealth v. Froelich,* 458 Pa. 104, 106, 326 A.2d 364, 365 (1974). *Commonwealth v. Pandolfo,* 300 Pa.Super. 447, 448–449, 446 A.2d 939, 940 (1982) (citations omitted). In reaching its conclusion, the trial court assumed, for purposes of its opinion, that the victim's injuries amounted to "serious bodily injury" as defined under 18 Pa.Cons.Stat. § 2301. *Id.* at 5.

The record reveals that on May 17, 1982, Sharpsburg Borough Police Officers Rudzki and Lang responded to a reported domestic disturbance at 920 Penn Street in Sharpsburg. (R.R. 36A.) Upon arriving at the scene, the officers confronted Anthony Magnelli, Jr., appellee's brother and co-defendant, as he exited from the residence to which the officers had been directed. Anthony swore at the officers, challenged them to fight him, and swung his fist at Officer Rudzki, who ducked. (R.R. 91A–92A.) Anthony then ran across the street in front of the residence; as he ran, his father came up the street and, in an attempt to restrain his son, forced him to the ground adjacent to concrete steps that led to a nearby residence.

The officers approached the Magnellis and informed Anthony that he was under arrest for disorderly conduct. (R.R. 40A.) While Anthony's father sat on Anthony's legs, the officers kneeled on either side of Anthony and attempted to handcuff him. A scuffle ensued during which Anthony gained control of Officer Rudzki's nightstick and began to flail it at the officers. As the officers crouched over Anthony, appellee came up from behind Officer Rudzki, grabbed the officer by his shirt and pants, picked him up, and threw him forward and into the nearby concrete steps. The officer struck the steps with his right collar bone.

Appellee fled across the street and Officer Rudzki called out to another officer who had just arrived on the scene, "Mike, grab him. That is the man who pushed me." (R.R. 44A.) After a short chase, appellee was apprehended and placed under arrest. (R.R. 110A.)

As a result of the incident, Officer Rudzki suffered a fractured collar bone which required surgery and the insertion of a pin in order to properly set the fracture. (R.R. 191, 196A.) The officer underwent physical therapy for approximately 5 weeks and missed work for approximately 4 months. From the time of the injury until treatment was completed, he was substantially unable to use his right arm. (R.R. 52A, 199A.)

■ Where an attempt is made to commit aggravated assault, or where the victim does not sustain serious bodily injury, the Commonwealth is required to prove specific intent. *Commonwealth v. Grassmyer*, 266 Pa.Super. 11, 16 n. 1, 402 A.2d 1052, 1054 n. 1 (1979). However, where serious bodily injury is inflicted, the Commonwealth is not required to prove a specific intent; this is because aggravated assault may be proven if the defendant acted recklessly. *Id.;* 18 Pa.Cons.Stat. § 2702. In the present case, it is conceded that serious bodily injury was inflicted. Trial court's opinion at 5. Thus, we need not address the Commonwealth's first argument.

■ As to the Commonwealth's second argument, we disagree with its characterization of the trial court's finding. The trial court emphasized that it arrested judgment because the Commonwealth had failed to produce sufficient evidence that appellee acted *"under circumstances manifesting an extreme indifference to the value of human life."* Trial court's opinion at 6 (emphasis in original). Although the trial court's opinion does contain references to "intent," the trial court does not base its Order upon a finding that there was insufficient evidence of appellee's "specific intent"; and, we do not find that the record compels us to infer otherwise. In ruling as it did, the trial

court only found that there was insufficient evidence from which the finder of fact could infer the requisite state of mind.

Having reviewed the record, we agree with the trial court that the evidence was insufficient to establish that appellee acted recklessly under circumstances manifesting an extreme indifference to the value of human life. Therefore, we affirm.

Order affirmed.

OLSZEWSKI, J., files a dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I respectfully dissent from the majority's decision to affirm the lower court. I would reverse the arrest of judgment and reinstate the jury verdict of guilty on the charge of aggravated assault.

A careful review of both the record and the appropriate laws lends support for a conviction of aggravated assault. As correctly stated by the majority, when an attempt is made to commit aggravated assault, or where the victim does not sustain serious bodily injury, specific intent must be proven to support a conviction. If serious bodily injury is inflicted, then specific intent is not the requisite element the Commonwealth must prove, recklessness is. Since serious bodily injury was conceded, the evidence must only establish recklessness. I believe it does.

The facts, as summarized by the majority, clearly show an unwarranted attack causing severe injuries. There was repeated testimony as to the smallness of the area in which the entire incident took place. It was inevitable that there would be an injury even if someone was merely pushed or shoved. Throwing a person into nearby concrete steps is most certainly going to result in serious injuries. Given the totality of the circumstances, I find the facts sufficient to satisfy the conviction. Appellee was indifferent to the consequences of his actions, thus rendering his actions reckless.

In light of the foregoing analysis, I would reverse the lower court's arrest of judgment.