**Commonwealth v. Grow**

*Ralph E. Warman, district attorney,* for the Commonwealth.

*Bernadette K. Tummons,* for defendant.

SOLOMON, *J.,* July 8, 1992—On March 11, 1992, following a jury trial, the defendant was found guilty of corruption of minors, 18 Pa.C.S. §6301; endangering the welfare of a child, 18 Pa.C.S. §4304; and indecent assault, 18 Pa.C.S. §3126. The jury was unable to reach a unanimous verdict as to all other charges (incest, 18 Pa.C.S. §4302; aggravated indecent assault, 18 Pa.C.S. §3125; rape, 18 Pa.C.S. §3121; and statutory rape, 18 Pa.C.S. §3122) and, upon motion of the defendant, a mistrial was declared. On May 1, 1992, the defendant filed a motion to dismiss the informations upon which the jury was unable to reach a verdict, based on double jeopardy, which motion was denied by the court on May 6, 1992. The defendant is now appealing that denial to the Superior Court. This opinion is in support of the order of May 6, 1992.

## STATEMENT OF THE CASE

In December 1990, Jessica Lynn Grow revealed to her grandmother that her father had been "touching" her in her "privates." The evidence at trial established that over a period of years, Jessica's father, the defendant, Cecil Grow, had been sexually molesting Jessica since she was approximately six years old. The defendant was found guilty, following a jury trial, of corruption of a minor, indecent assault and endangering the welfare of a child. Upon motion of the defendant, a mistrial was declared as to the remaining charges (incest, rape, statutory rape and aggravated indecent assault), based on the jury's inability to reach a unanimous verdict. The defendant then filed a motion to have the remaining charges dis-

missed, based on double jeopardy, claiming that the Commonwealth will be subjecting the defendant to double jeopardy. It was the contention of the defendant that by trying him on the remaining charges, the Commonwealth will be required to establish the element of sexual intercourse, for which the defendant has already been prosecuted. The court, finding that the motion was without merit, denied the motion, giving rise to this appeal.

## DISCUSSION

The defendant contends that the Commonwealth, in trying the defendant after his conviction on the charge of corruption of minors, would subject the defendant to double jeopardy because the subsequent offenses would require the Commonwealth to establish the element of sexual intercourse (penetration), for which the defendant has already been prosecuted. The defendant argues that sexual intercourse was an essential element of the crime of corruption of a minor because the information charging the defendant stated that "the defendant exposed the minor child ... to immoral sexual activity which would corrupt or tend to corrupt the morals of said child and the defendant engaged in an indecent assault upon the child and forced the child to submit to sexual intercourse."

Where, as here, the defendant is charged with separate offenses, the only protection offered by the double jeopardy clause is the right not to have a second trier of fact redetermine those issues "necessarily determined between the parties in the first proceeding." *Commonwealth v. Crenshaw,* 504 Pa. 33, 37, 470 A.2d 451, 453 (1983); citing *Commonwealth v. Zimmerman,* 498 Pa. 112, 117, 445 A.2d 92, 95 (1981).

From the information itself, it is clear that the jury was not required to determine whether sexual intercourse took place in order to return a guilty verdict as to the

corruption of minors charge. The Commonwealth's information alleged, in addition to sexual intercourse, an indecent assault upon the child by defendant. Furthermore, sexual intercourse is not a required element of indecent assault. *Commonwealth v. Grassmyer,* 237 Pa. Super. 394, 352 A.2d 178 (1975). Several acts short of intercourse, which involved exposing the minor child to immoral sexual activity and indecent contact, were testified to at trial (defendant touching child's "privates" with his fingers; defendant touching child between her legs with his hand and penis). Thus it is clear that the jury did not have to base its guilty verdicts on a determination that sexual intercourse took place. We also bear in mind that "[w]hen a general verdict is rendered, knowledge of the basis of the decision rests only with the jury itself. Therefore, it is impossible, not to mention improper, to draw specific conclusions from a general verdict." *Commonwealth v. Anderson,* 379 Pa. Super. 589, 592, 550 A.2d 807, 809 (1988). Thus, as there is nothing in the record indicating the basis of the jury's verdict, and since it is clear that in order to return a guilty verdict as to the corruption of minors charge it was not necessary for the jury to determine whether sexual intercourse took place, the defendant's argument must fail.

Additionally, it should be noted that where, as here, a mistrial has been declared because the jury is hopelessly deadlocked, double jeopardy does not bar retrial on the charges on which the jury has been unable to agree unless the jury's conclusions as to one or more other charges must be interpreted as acquittal on the offense for which the defendant is being retried. *Commonwealth v. Harris,* 400 Pa. Super. 12, 82 A.2d 1319 (1990). Here, as set forth above, the jury's conclusions as to the verdicts rendered do not mandate that they be interpreted as an acquittal on the offenses on which the jury was unable to return a verdict.