446 A.2d 939
**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Joseph PANDOLFO.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed June 11, 1982.

448

Steven H. Goldblatt, Deputy District Attorney, Philadelphia, for Commonwealth, appellant.

J. Hugh O'Donnell, Philadelphia, for appellee.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PRICE, Judge:

This is an appeal by the Commonwealth from an order granting appellee's motion in arrest of judgment. For the following reasons the order is reversed.

▮▮▮▮ Appellee was convicted in a nonjury trial of aggravated assault [1] and disorderly conduct.[2] In response to appellee's post verdict motions the court arrested judgment as to the degree of aggravated assault. In reviewing such a motion we must examine all the evidence in the light most

1. 18 Pa.C.S.A. § 2702.

2. 18 Pa.C.S.A. § 5503.

favorable to the Commonwealth as verdict winner. *Commonwealth v. Meadows*, 471 Pa. 201, 369 A.2d 1266 (1977). The standard used in our evaluation is "[w]hether accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict; it would be nonetheless insufficient in law to find beyond a reasonable doubt that the appellee is guilty of the crime charged." *Commonwealth v. Froelich*, 458 Pa. 104, 106, 326 A.2d 364, 365 (1974). *See also Commonwealth v. Luther*, 266 Pa.Superior Ct. 240, 403 A.2d 1329 (1979); *Commonwealth v. Kirkman*, 264 Pa.Superior Ct. 170, 399 A.2d 720 (1979).[3]

Viewing the evidence in accordance with the foregoing standard, the following facts were adduced at trial. On October 10, 1978 appellee, Joseph Pondolfo, was at Kelli's Bar in Philadelphia. At the bartender's request, he was physically removed from the bar after causing a disturbance. Shortly thereafter, appellee started an altercation outside the bar with one James Hamill. Officer Charles Gorski subsequently exited the bar, stepping between appellee and Mr. Hamill. Appellee swung repeated punches at Officer Gorski, striking him with his fist. Officer Gorski informed appellee that he was a police officer and ordered him to desist. Appellee then cursed Officer Gorski, struck him several times on his face and head, and slashed his face with a pocketknife.[4] As a result of this attack Officer Gorski received ten sutures and was unable to return to full active duty for two weeks.

■ Appellee was found guilty of felonious aggravated assault. 18 Pa.C.S.A. § 2702(a)(2). He claimed, *inter alia*, in his post verdict motions that the evidence did not support a finding of intent to cause "serious bodily injury." *Id.*

**3.** In *Commonwealth v. Meadows*, 471 Pa. 201, 205 n.5, 369 A.2d 1266, 1268 n.5 (1977), our supreme court expressly applied this standard to a nonjury trial.

**4.** The pocket knife used by appellee contained a small blade, a screwdriver, a nailfile and a bottle opener. Because of the nature of the assault, we find the size of the blade irrelevant in determining the degree of aggravated assault.

Upon reconsideration the court below concurred with appellee's contention and reduced the verdict to misdemeanor aggravated assault, which merely requires a finding of "bodily injury." 18 Pa.C.S.A. § 2702(a)(3). We disagree.

In pertinent part, aggravated assault is defined as follows:

(a) ... A person is guilty of aggravated assault if he:

(2) attempts to cause or intentionally, knowingly or recklessly causes *serious bodily injury* to a police officer making or attempting to make a lawful arrest;

(3) attempts to cause or intentionally, knowingly or recklessly causes *bodily injury* to a police officer making or attempting to make a lawful arrest.

(b) ... Aggravated assault under paragraphs (a)(1) and (a)(2) of this section is a felony of the second degree. Aggravated assault under paragraph (a)(3) and (a)(4) of this section is a misdemeanor of the first degree.

18 Pa.C.S.A. § 2702 (emphasis added).[5]

Serious bodily injury is "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. *See also Commonwealth v. Phillips*, 269 Pa.Superior Ct. 537, 410 A.2d 832 (1979). In order for appellee's conviction to be sustained, however, it is not necessary for Officer Gorski to have actually incurred serious bodily injury. Rather, "the charge of [felonious] aggravated assault can be supported ... if the evidence supports a finding that the blow delivered was accompanied by the intent to inflict serious bodily injury." *Commonwealth v. Alexander*, 477 Pa. 190, 194, 383 A.2d 887, 889 (1978). "[I]t is well settled that intent may be proven by direct or circumstantial evidence." *Commonwealth v. Mayo*, 272 Pa. Superior Ct. 115, 127, 414 A.2d 696, 702 (1979). *See Commonwealth v. Caye*, 465 Pa. 98, 348 A.2d

---

**5.** The record is unclear whether Officer Gorski was, in fact, "making or attempting to make a lawful arrest." 18 Pa.C.S.A. § 2702(a)(2)(3). This issue, however, has not been raised on appeal. *See generally Morean v. Duca*, 287 Pa.Superior Ct. 472, 430 A.2d 988 (1981); *Commonwealth v. Tolleson*, 462 Pa. 193, 340 A.2d 428 (1975).

136 (1975); *Commonwealth v. Taylor*, 461 Pa. 557, 337 A.2d 545 (1975).

Instantly, appellee's attack to the officer's face with a pocketknife presented a threat to the officer's vision. Moreover, the repeated blows to a portion of the body as vital as the head exhibited an intent to inflict serious bodily injury.[6] It was, therefore, properly within the purview of the trial court as factfinder to find appellee guilty of felonious aggravated assault. The court's subsequent reversal of its verdict on the basis of insufficient evidence was, accordingly, error.

The order of the court of common pleas is reversed.

---

6. *Cf. Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978) (a single blow to the head was not sufficient to show intent to cause serious bodily injury). *But see Commonwealth v. Kibe*, 258 Pa.Superior Ct. 353, 392 A.2d 831 (1978) (lone woman in parking lot placed in fear of impending rape, ordered into car and upon her refusal struck in face was sufficient to establish intent to inflict serious bodily injury).