## Commonwealth v. Buggy

*Theodore B. Smith, III*, assistant district attorney, for the Commonwealth.

*David S. Keller*, for defendant.

HOFFER, *J.*, September 14, 1984—Defendant, Keith T. Buggy, was found guilty of driving under the influence during a non-jury trial. Defendant's post-trial motions raise four issues: (1) Is section 3731 of the Vehicle Code* unconstitutional? (2) Was the court required to specify whether its verdict of guilty was based on §3731(a)(1) or §3731(a)(4)? (3) Was the verdict contrary to the evidence presented? (4) Was the evidence sufficient to sustain the verdict? Defendant seeks arrest of judgment or, in the alternative, a new trial.

Buggy was stopped for exceeding the speed limit by a Pennsylvania State Police officer at approximately 10:15 p.m. on March 14, 1983. When he approached defendant, the officer observed an odor of alcohol about him, and gave him field sobriety tests. Defendant failed to perform the tests satisfactorily, and the officer arrested him for driving under the influence. Defendant did not wish to take a breathalyzer test and requested a blood test. A blood sample was drawn from defendant at the Carlisle Hospital; when analyzed, the sample was found to contain 0.108 percent or 0.109 percent alcohol by weight in two separate readings. Defendant was charged with violation of 75 Pa. C.S. §3731(a)(1) and 75 Pa. C.S. §3731(a)(4). Defendant's pretrial motions challenging the constitutionality of §3731 were denied, and he was convicted.

---

1. Act of June 17, 1976, as amended by the Act of December 15, 1982, 75 Pa. C.S. §3731.

Defendant challenges the constitutionality on §3731 of five grounds. He first alleges that the sentencing provisions of the act render it an ex post facto law. In 1979, Buggy pleaded guilty to a count of driving under the influence. Section 3731 was amended in 1982 to increase the penalty for an offender who has a record of previous convictions for driving under the influence. Defendant claims that augmenting his penalty for the second offense constitutes either a punishment of the first offense or a double punishment of the second one.

Defendant's second attack asserts that the mandatory sentence provision of the act is an unconstitutional intrusion into the powers of the judiciary. He contends that this provision also constitutes cruel and unusual punishment because it punishes the "status" of operating a motor vehicle while having a blood alcohol content of 0.10 percent or greater, and because it mandates incarceration for the offense of driving under the influence. In addition, defendant questions the validity of the act on the ground that its title is misleading and in violation of Article III, Section 3 of the Pennsylvania Constitution. All four of these challenges have been answered adequately in Commonwealth v. Buggy, 33 Cumberland L.J. 513 (1983). Defendant has cited no controlling authority to support his position, and we find his arguements to be without merit.

Defendant's final challenge to the constitutionality of the act consists of the assertion that §3731(a)(4) is vague and violates due process requirements. This issue has been resolved by the Pennsylvania Supreme Court in Commonwealth v. Mikulan, 504 Pa. 244, 470 A.2d 1339 (1983), and requires no further comment by this court.

We now address defendant's claim that the general nature of the verdict is a sufficient basis for

granting a new trial. Defendant was charged with driving under the influence under §3731(a)(1), which defines the offense as driving, operating, or controlling a vehicle while "under the influence of alcohol to a degree which renders the person incapable of safe driving." He was also charged under §3731(a)(4), which defines the offense as driving, operating, or controlling a vehicle while "the amount of alcohol by weight in the blood of the person is 0.10% or greater." The court found him guilty of driving under the influence and did not specify which definition of the offense it had applied.

Defendant asserts that §3731(a)(1) and §3731(a)(4) define completely different offenses, and that the court erred in not indicating which offense was the basis for the conviction. The language of the statute, however, clearly indicates that §3731(a)(1) and §3731(a)(4) are alternative definitions of the same offense. Section 3731(a) begins: "Offense defined." (1) through (4) indicate four sets of circumstances under which a person shall not drive, operate, or control a vehicle. These circumstances are not mutually exclusive; it is possible for a single act to constitute driving under the influence under more than one of the definitions. Such was the case here. Buggy's conduct was punishable as driving under the influence under either §3731(a)(1) or §3731(a)(4). Evidence of his commission of the offense under both definitions will be discussed with respect to defendant's claim that the evidence was not sufficient to sustain the verdict. Buggy was convicted of driving under the influence; there is no ambiguity in the verdict which could be prejudicial to him.

Defendant has moved for arrest of judgment. When the court considers a motion in arrest of judgment, "[a]ll of the evidence must be read in the light

most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove." Commonwealth v. Slout, 288 Pa. Super. 471, 474, 432 A.2d 609, 610-611 (1981), quoting from Commonwealth v. Tabb, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965). The question to be resolved is "[w]hether accepting all of the evidence and all reasonable inferences therefrom, upon which, if believed the jury could properly have based its verdict, it would be nonetheless insufficient in law to find beyond a reasonable doubt that the [defendant] is guilty of the crime charged." Commonwealth v. Pandolfo, 300 Pa. Super. 447, 449, 446 A.2d 939, 940 (1982), quoting from Commonwealth v. Froelich, 458 Pa. 104, 106, 326 A.2d 364, 365 (1974). Defendant has alleged that the evidence was insufficient to support the verdict.

In the alternative, defendant has moved for a new trial. He has claimed that the verdict of guilty was erroneous because the evidence was to the contrary. "The court may not arrest judgment where there is evidence to sustain the conviction, but it may grant a new trial where the verdict is against the weight of the evidence." Commonwealth v. Coyle, 190 Pa. Super. 509, 511, 154 A.2d 412, 413 (1959). Defendant's assertions to the effect that the evidence is inadequate are not well founded. The verdict is supported by evidence sufficient to sustain a conviction, and is not against the weight of the evidence.

The court's conviction of Buggy is well supported by evidence under §3731(a)(4). The blood-alcohol test indicated that defendant's blood contained 0.109 percent or 0.108 percent alcohol by weight 53 minutes after he was apprehended by Trooper Henneman. Defendant contends that the standard

deviation of 0.015 percent in the test is evidence that he did *not* have at least 0.10 percent alcohol by weight in his blood. We fail to see how establishing that the actual alcohol content of defendant's blood could fall anywhere in the range of 0.093 percent to 0.124 percent would be dispositive of his *not* having at least 0.10 percent alcohol by weight in his blood. The error factor in the test is not significant enough to suggest that a verdict of guilty which is based on it is erroneous or against the weight of the evidence. The delay between Buggy's apprehension and the administration of the test is likewise insignificant. The fact finder was justified in finding that defendant had a blood alcohol content of at least 0.108 percent by weight at the time of the incident. See Commonwealth v. Arizini, 277 Pa. Super. 27, 43, 419 A.2d 643, 651 (1980).

The court's verdict may also be sustained under sec. 3731(a)(1). Trooper Henneman's testimony contains sufficient evidence upon which a conviction may be based. When Buggy was apprehended, Trooper Henneman noticed an odor of alcohol coming from him. Defendant walked unsteadily when he left the car. Defendant was lost and appeared to be unusually upset about it. Buggy was unaware of the correct time and date, and was unable to walk a straight line. He was unable to touch his toes with his eyes closed, and failed in his attempts to touch his nose with his right hand while his eyes were closed. Defendant admitted to Trooper Henneman that he had consumed a six-pack of beer that evening. It was Trooper Henneman's opinion that defendant was under the influence of alcohol at the time of the field sobriety tests. This testimony, taken in the light most favorable to the Commonwealth, is sufficient evidence upon which a verdict of guilty may be based. Defendant's motion in arrest of judgment must therefore be denied.

Defendant's counsel attempted to show that Buggy was not under the influence of alcohol by establishing that he had not slurred his words or staggered or fallen during the sobriety tests. It was pointed out that defendant was able to touch his nose with his left hand, and that he had been stopped by Trooper Henneman only because he had been traveling at excessive speed. Defendant testified that he had a vision problem which impaired his depth perception, and that the shoes he was wearing made it difficult to perform one of the sobriety tests.

Although these facts, if taken as true, tend to support defendant somewhat, they do not impair the quality of the evidence for the Commonwealth significantly enough to make it inadequate to support the verdict. It cannot, then, be said that the verdict was contrary to the evidence. Defendant's motion for a new trial is also denied.

### ORDER OF COURT

And now, September 14, 1984, for the reasons set forth in the opinion filed this date, defendant's post-trial motions are hereby denied, and the Probation Office is directed to prepare an alcohol report.