J-S39021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER L. DAVIS | |
| Appellant | No. 3622 EDA 2017 |

Appeal from the Judgment of Sentence imposed October 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006283-2015

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER L. DAVIS | |
| Appellant | No. 210 EDA 2018 |

Appeal from the Judgment of Sentence imposed October 23, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006282-2015

BEFORE:  GANTMAN, P.J.E., STABILE, J. and STEVENS, P.J.E.*

MEMORANDUM BY STABILE, J.:                   **FILED OCTOBER 22, 2019**

Appellant, Christopher Davis, appeals from the judgment of sentence imposed on October 23, 2017 in the Court of Common Pleas of Philadelphia County following his conviction of aggravated assault, 18 Pa.C.S.A. § 2702(a),

---

* Former Justice specially assigned to the Superior Court.

and other offenses. Appellant contends that the trial court abused its discretion in fashioning Appellant's sentence and that the evidence was insufficient to sustain his aggravated assault conviction with respect to one of his victims (Tomeckia Boone). Following review, we affirm.

The trial court provided the following factual history, which Appellant incorporated in his brief[1] and we recite here in relevant part as follows:

> On May 3, 2015, complainant Tomeckia Boone was reportedly having a family barbeque. She testified to hearing a commotion while grilling outside and turning around to see her 14-year-old daughter in a fight with another teen. She then ran to her daughter and became involved in a fight with another older woman. At this point, others joined the fight and Appellant approached Ms. Boone and proceeded to hit her in the left side of her face using a shotgun, causing her to fall unconscious. Ms. Boone's sister, Lateefa Boone, testified to seeing Appellant strike Ms. Boone, as well as her brother-in-law, Rasheed Collins, who she testified was frantic and bloody. Lateefa Boone observed him sitting on the front steps of the home with blood coming from the back of his head. Rasheed Collins testified to having been on the ground when he was struck in the face with a shotgun, and repeatedly punched in his head and face.
>
> At approximately 9:00 [p.m.,] Officers Beck and Marrero were on duty in the area. Upon arrival at the scene, the officers observed what appeared to be 100 people in attendance, and a "giant fist fight" right outside 2410 Turner St. Although [there was] conflicting evidence about the number of people in attendance and the type of event occurring[,] Officers Beck and Marrero saw an African-American female unconscious and face down on the ground, bleeding from her head, as well as an injured African-American male. Officer Marrero administered aid to the female, while Officer Beck followed a man into the home, after bystanders informed him he had hit people with a rifle. . . .

_____

[1] **_See_** Appellant's Brief, Factual History, at 7.

Upon regaining consciousness, Tomeckia Boone sustained injuries of a laceration on the left-side of her face and had to have her ear surgically glued back on, as well as a minor fracture; she also had several bruises and scrapes. [Ms. Boone was shown a photo array the following day and identified Appellant. Lateefa Boone likewise identified Appellant from a photo array.]

Ms. Boone continued to experience symptoms from being knocked unconscious. She suffered dizzy spells and [in] April 2016 was rushed to Hahnemann Hospital where she received CAT scans and MRIs. She continues to take medication for the dizzy spells and is under physician's care. Mr. Collins missed a week and a half of work.

Trial Court Opinion, 11/14/18, at 2-4 (references to trial transcripts and some capitalization omitted).

On March 7, 2017, at the conclusion of trial, a jury convicted Appellant of aggravated assault as a Felony 1 with respect to Tomeckia Boone and as a Felony 2 with respect to Rasheed Collins. The trial court ordered a pre-sentence investigation and subsequently sentenced Appellant to an aggregate sentence that was later corrected to twenty-two and a half to forty-five years' incarceration. Appellant filed a timely notice of appeal from the judgment of sentence in the Collins case and, following reinstatement of his appellate rights, likewise filed a notice of appeal in the Boone case. Both Appellant and the trial court complied with Pa.R.A.P. 1925. We consolidated the cases for purposes of this appeal.

Appellant asks us to consider two issues:

A. Did the trial court abuse its discretionary aspects of sentencing by fashioning an incarceration sentence much longer than that requested by the Commonwealth, longer than necessary to ensure the safety of the public, and where the court failed to

consider mitigating factors such as Appellant's youth, familial support, work history, mental health issues (PTSD and anxiety) as a result of growing up in an environment rife with domestic violence, and for failing to consider the rehabilitative needs of the Appellant?

B. Was the evidence insufficient to sustain the guilty verdict for Aggravated Assault (F1) (complainant Tomeckia Boone) as there was no evidence complainant sustained serious bodily injury as complainant was hospitalized for a few hours, suffered dizzy spells and other non-serious bodily injuries, and where there was insufficient evidence that Appellant attempted to inflict serious bodily injury on the complainant, and where the evidence merely established that at most an (F2) Aggravated Assault occurred?

Appellant's Brief at 5.

Appellant's first issue challenges the discretionary aspects of his sentence. As this Court recently reiterated:

Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Nevel*, 203 A.3d 229, 247 (Pa. Super. 2019), *appeal granted on other grounds*, 2019 WL 3438983 (Pa. July 31, 2019) (quoting

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal

quotations and citations omitted)).    With respect to a challenge to the discretionary aspects of sentence, we have recognized:

> "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 628 Pa. 627, 104 A.3d 1 (2014).   "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id.***   We conduct this four-part test to determine whether:
>
> > (1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.
>
> ***Commonwealth v. Baker***, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied*, 624 Pa. 679, 86 A.3d 231 (2014).   "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." ***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 625 Pa. 648, 91 A.3d 161 (2014).

***Id.*** at 246.

The record confirms that Davis has complied with the first three prongs of the test.   He preserved the issue by raising it in a post-sentence motion that was denied by operation of law.   Following correction of his sentence, Appellant sought and was granted leave to file an appeal *nunc pro tunc*.   He then filed a timely notice of appeal and has included a Rule 2119(f) statement in his brief.   Therefore, we must consider whether he has raised a substantial

question by asserting the "sentence imposed is longer than necessary to protect the public and failed to take into consideration appellant's rehabilitative needs and potential." Appellant's Brief at 11.

This Court is not required to accept bald allegations of excessiveness. *Commonwealth v. Mouzon*, 812 A.2d 617, 627 (Pa. 2002).

> Rather, only where the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process, will such a statement be deemed adequate to raise a substantial question so as to permit a grant of allowance of appeal of the discretionary aspects of the sentence.

*Id.* (citing *Commonwealth v. Koehler*, 737 A.2d 225, 244 (Pa. 1999) (party must articulate why sentence raises doubts that sentence was improper under the Sentencing Code) (additional citations omitted)).

In *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013), *appeal denied*, 91 A.3d 161 (Pa. 2014), we explained that "[i]n determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." *Id.* at 1270 (citation omitted). Subsequently, in *Commonwealth v. Caldwell*, 117 A.3d 763 (Pa. Super. 2015), we looked to *Dodge* and other cases before concluding that Caldwell's challenge to his sentence as unduly excessive, coupled with his claim that the court failed to consider his rehabilitative needs, presented a

substantial question. *Id.* at 770. We likewise conclude Appellant has presented a substantial question for our review. Therefore, we grant his petition for allowance of appeal and address the merits of his sentencing claim, cognizant that we may reverse only if the sentencing court abused its discretion or committed an error of law. *Nevel*, 203 A.3d at 247. We are also confined by the statutory mandate of 42 Pa.C.S.A. § 9781(c), which provides:

> **(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>
> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Here, Appellant complains that the trial court imposed a sentence "far in excess of that which was necessary to protect the public, did not take into proper consideration various mitigating factors and did not take into consideration Appellant's rehabilitative needs or potential for full rehabilitation." Appellant's Brief at 13. For those reasons, and because the

court imposed a sentence "substantially in excess of that requested by the Commonwealth and that requested by defense trial counsel[,] . . . the trial court abused its discretion in fashioning Appellant's sentence." *Id.* at 13-14.

From the record, it is clear the trial court considered numerous factors in fashioning Appellant's sentence and considered the pre-sentence investigation report as well. As this Court recently restated:

> Where pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A presentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed.

*Commonwealth v. Conte*, 198 A.3d 1169, 1177 (Pa. Super. 2018) (quoting *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988)). "Accordingly, '[w]here the sentencing judge had the benefit of a pre-sentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors.'" *Id.* (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 849–50 (Pa. Super. 2006)).

Here, the trial judge "reviewed the sentencing guidelines, the presentence report, and placed on the record both this acknowledgement and

her reason for imposing an aggravated sentence." Trial Court Opinion, 11/14/18, at 5. The court explained:

> Each individual charge was sentenced within the guideline range and ordered to be served concurrently rather than consecutively amounting to a final sentence of twenty-two and a half years to forty-five years. The sentencing court placed on the record the following reasons for the aggravated sentence: the Prior Record Score of REVOC;[2] Appellant's lack of remorse; the fact that both victims were much smaller than Appellant, and that one was a woman; the prison tape played by the Commonwealth; the information contained within the presentence report including the belief that his candidacy for community supervision was questionable; the fact that Appellant was out of custody for only nine months before committing another offense; the serious nature of the offense itself; and his pattern of violent offenses, beginning at age fifteen, to the age of twenty years old at the time of the present offense.

*Id.* at 6 (citing N.T., Sentencing, 6/27/17, at 17-18).

As the trial court noted, each charge was sentenced within the guideline range and ordered to be served concurrently. The fact the aggregate sentence was greater than that requested by the Commonwealth is immaterial. Further, the court considered the pre-sentence report and, as reflected in the quoted excerpt, also considered Appellant's potential for rehabilitation. We

---

[2] As provided in 204 Pa.Code § 303.4 (Prior Record Score—Categories):

> (1) *Repeat Violent Offender Category* (**REVOC**)*.* Offenders who have two or more previous convictions or adjudications for four point offenses (§ 303.7(a)(1) and § 303.15) and whose current conviction carries an Offense Gravity Score of 9 or higher shall be classified in the Repeat Violent Offender Category.

*Id.* at § 303.4(a)(1).

discern no abuse of discretion or error of law in the sentence imposed by the trial court. Therefore, Appellant's first issue fails for lack of merit.

In his second issue, Appellant contends the evidence was insufficient to support a conviction of aggravated assault as an F1 with respect to Tomeckia Boone. Addressing the standard employed in a challenge to the sufficiency of evidence, this Court has recognized:

> Our standard of review is *de novo*, and our scope of review is plenary, because:
>
> > a claim challenging the sufficiency of the evidence is a question of law[.] . . . When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.
>
> ***Commonwealth v. Widmer***, 560 Pa. 308, 744 A.2d 745, 751 (2000) (internal citations omitted).

***Commonwealth v. Neysmith***, 192 A.3d 184, 189 (Pa. Super. 2018).

In ***Commonwealth v. Fortune***, 68 A.3d 980 (Pa. Super. 2013), this Court explained:

> A person may be convicted of Aggravated Assault graded as a first degree felony if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). "Serious bodily injury" has been defined as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. § 2301. For aggravated assault purposes, an "attempt" is found where an "accused who possesses the required, specific intent acts in a manner which constitutes a substantial step toward perpetrating a serious bodily injury upon another." ***Commonwealth v. Gray***,

867 A.2d 560, 567 (Pa. Super. 2005), *appeal denied*, 583 Pa. 694, 879 A.2d 781 (2005). An intent ordinarily must be proven through circumstantial evidence and inferred from acts, conduct or attendant circumstances. [**Commonwealth v. Thomas**, 65 A.3d 939, 944 (Pa. Super. 2013).]

*Id.* at 984.

Because our standard of review is *de novo* and the scope of our review is plenary, it is inconsequential that the trial court dismissed the sufficiency claim as "wholly without merit" based on its mistaken belief that Appellant was convicted of aggravated assault as a Felony 2 with respect to Tomeckia Boone. **See** Trial Court Opinion, 11/14/18, at 4-5. Regardless, in its opinion, the trial court recounted that Appellant struck Ms. Boone in the face with a shotgun and summarized the injuries Ms. Boone sustained. Trial Court Opinion, 11/14/18, at 3.[3] Again, Appellant has accepted the trial court's factual history by incorporating it in his brief. Appellant's Brief at 7; **see** n. 1, **supra**. Because "serious bodily injury" includes a bodily injury that creates a substantial risk of death or causes serious, permanent disfigurement, 18 Pa.C.S.A. § 2301, a jury could find Ms. Boone's injury to fall within the statutory definition.

---

[3] The Commonwealth states that "Ms. Boone testified that she had lacerations on her face, and that her ear 'was split wide open' such that doctors 'had to surgically glue [her] ear back' (N.T. 3/2/2107). The jury could fairly find this injury to fall within the statutory definition of serious bodily injury, which includes 'permanent disfigurement.'" Commonwealth Brief at 10.

Moreover, a conviction for aggravated assault is not contingent on a finding the victim sustained actual serious injuries. In fact, in this case, the Felony 1 charge was based on the "attempt[] to cause serious bodily injury to Tomeckia Boone." Notes of Testimony, Jury Charge, 3/6/17, at 62. As this Court noted in *Fortune*, we have recognized that:

> Where the victim does not suffer serious bodily injury, the charge of aggravated assault can be supported only if the evidence supports a finding of an attempt to cause such injury. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). An attempt under Subsection 2702(a)(1) requires some act, albeit not one causing serious bodily injury, accompanied by an intent to inflict serious bodily injury. *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254 (2006). "A person acts intentionally with respect to a material element of an offense when . . . it is his conscious object to engage in conduct of that nature or to cause such a result[.]" *Id.* at 1257 [] (quotation omitted). "As intent is a subjective frame of mind, it is of necessity difficult of direct proof." *Id.* (citation omitted). The intent to cause serious bodily injury may be proven by direct or circumstantial evidence. *Id.*

*Fortune*, 68 A.3d at 985 (quoting *Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012). In *Fortune*, we also noted:

> The Pennsylvania Supreme Court in *Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1978) created a totality of the circumstances test to be used to evaluate whether a defendant acted with the necessary intent to sustain an aggravated assault conviction. In *Commonwealth v. Matthew*, 589 Pa. 487, 909 A.2d 1254 (2006), that Court reaffirmed the test and articulated the legal principles which apply when the Commonwealth seeks to prove aggravated assault by showing that the defendant attempted to cause serious bodily injury. Specifically, the Court stated, in relevant part, that:
>
>> *Alexander* created a totality of the circumstances test, to be used on a case-by-case basis, to determine whether a

defendant possessed the intent to inflict serious bodily injury. *Alexander* provided a list, albeit incomplete, of factors that may be considered in determining whether the intent to inflict serious bodily injury was present, including evidence of a significant difference in size or strength between the defendant and the victim, any restraint on the defendant preventing him from escalating the attack, the defendant's use of a weapon or other implement to aid his attack, and his statements before, during, or after the attack which might indicate his intent to inflict injury. *Alexander*, at 889. *Alexander* made clear that simple assault combined with other surrounding circumstances may, in a proper case, be sufficient to support a finding that an assailant attempted to inflict serious bodily injury, thereby constituting aggravated assault.

*Matthew*, 909 A.2d at 1257 (citation and quotation marks omitted). The Court indicated that our case law does not hold that the Commonwealth never can establish a defendant intended to inflict bodily injury if he had ample opportunity to inflict bodily injury but did not inflict it. Rather, the totality of the circumstances must be examined as set forth by *Alexander*. *Id.*

*Id.* at 984.

In *Commonwealth v. Nichols*, 692 A.2d 181 (Pa. Super. 1997), this

Court instructed:

A baseball bat, when swung at the head, can be a very deadly weapon, and it is well settled the use of a deadly weapon on a vital part of the body is sufficient to establish a specific intent to kill. *Commonwealth v. Carbone*, 524 Pa. 551, 562, 574 A.2d 584, 590 (1990). Clearly, a specific intent to cause serious bodily injury can be inferred from the same circumstances. *See Commonwealth v. Pandolfo*, 300 Pa. Super. 447, 451, 446 A.2d 939, 941 (1982) (blows to a portion of the body as vital as the head exhibited intent to inflict serious bodily injury).

*Id.* at 184-85 (footnote omitted).

Considering the totality of the circumstances here, and viewing the

evidence—including all reasonable inferences—in the light most favorable to

- 13 -

the Commonwealth as verdict winner, we conclude that the evidence was sufficient for the jury to find Appellant attempted to cause serious bodily injury to Tomeckia Boone when he struck her in the face with a shotgun. Therefore, Appellant is not entitled to relief on his sufficiency of evidence challenge.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/19