J-A27005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NNAKIARAH VEAL | : | No. 2990 EDA 2018 |

Appeal from the Order Entered September 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004211-2018

BEFORE:   BOWES, J., SHOGAN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BOWES, J.:                     **FILED DECEMBER 18, 2019**

The Commonwealth of Pennsylvania appeals from the September 13, 2018 order quashing numerous charges against Appellee NNakiarah Veal.  In their briefing to this Court, all parties uniformly aver that this quashal was entered in error.  For the reasons outlined herein, we concur.  Thus, we reverse and remand.

The trial court provided an apt summary of the underlying factual and procedural history of this case:

> On May 9, 2018, [Appellee] was arrested and charged with aggravated assault, conspiracy, robbery, theft by unlawful taking, receiving stolen property ("RSP"), simple assault, recklessly endangering another person ("REAP"), and invasion of privacy. On June 7, 2018, a preliminary hearing was held before the Honorable William A. Meehan, Jr., in the Philadelphia Municipal Court.  During that hearing, the victim testified that on April 30,

_____

[*] Retired Senior Judge assigned to the Superior Court.

2018, [Appellee], along with two other women, attacked her in the employee parking lot of the Philadelphia International Airport. The victim stated that she was punched in the head "maybe 30 times" during the course of the attack, that her head was slammed against her car, and that [Appellee] took her cell phone after the attack was over.[1] At the conclusion of the hearing, Judge Meehan ordered that all charges against [Appellee] be held for court.

[Appellee] filed a Motion to Quash on August 21, 2018. On September 13, 2018, following a hearing, [the trial court] granted [Appellee's] motion with respect to all charges except simple assault and REAP. On October 15, 2018, the Commonwealth filed a timely Notice of Appeal to the Superior Court of Pennsylvania.[2] On October 25, 2018, [the trial court] issued an order pursuant to Pa.R.A.P. 1925(b), requiring the Commonwealth to file a statement of matters complained of on appeal within twenty[-]one days. On November 14, 2018, the Commonwealth filed a statement alleging that this Court erred in quashing the charges . . ., where the evidence presented at the preliminary hearing was sufficient to make out a *prima facie* case for each charge.

Trial Court Opinion, 12/13/18, at 1-2.

Instantly, the Commonwealth asserts that the trial court's quashal of the aforementioned charges against Appellee was erroneous, claiming that it properly presented a *prima facie* case with respect to all of the included counts. **See** Commonwealth's brief at 7-8. In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court concedes that it erred in quashing these charges. Moreover, Appellee similarly concedes that the charges should not

---

[1] In addition to theft of the victim's cell phone, Appellee was also accused of misappropriating nude pictures of the victim from the cell phone, and posting them on social media. **See** N.T. Preliminary Hearing, 6/7/18, at 13-14.

[2] In its notice of appeal, the Commonwealth properly certified that this interlocutory appeal stems from an order that "terminates or substantially handicaps the prosecution" in accordance with Pa.R.A.P. 311(d) and 904(e).

have been dismissed. *See* Appellee's brief at 5 ("After reviewing the preliminary hearing and Motion to Quash notes of testimony, Appellee concedes the lower court's error and does not contest the Commonwealth's appeal.").

This matter pertains to the sufficiency of the Commonwealth's evidence in the context of a preliminary hearing, which presents a question of law. As such, our scope of review is plenary and our standard of review is *de novo*. *See Commonwealth v. Meals*, 912 A.2d 213, 218 (Pa. 2006). As a general matter, "the trial court is afforded no discretion in ascertaining whether, as a matter of law and in light of the facts presented to it, the Commonwealth has carried its pre-trial *prima facie* burden to make out the elements of a charged crime." *Commonwealth v. Karetny*, 880 A.2d 505, 513 (Pa. 2005).

In the context of criminal cases, preliminary hearings serve a vital role in safeguarding an individual's right against unlawful arrest and detention by the Commonwealth. *See Commonwealth v. Weigle*, 997 A.2d 306, 311 (Pa. 2010). However, "[t]he preliminary hearing is not a trial." *Commonwealth v. McBride*, 595 A.2d 589, 591 (Pa. 1991). To that end, "[a]t the preliminary stage of a criminal prosecution, the Commonwealth need not prove the defendant's guilt beyond a reasonable doubt, but rather, must merely put forth sufficient evidence to establish a *prima facie* case of guilt." *Karetny*, *supra* at 513-14. For our purposes, "[a] *prima facie* case consists of evidence produced by the Commonwealth which sufficiently establishes that a crime has been committed and that the accused is probably the perpetrator

of that crime." *Commonwealth v. Lopez*, 654 A.2d 1150, 1153 (Pa.Super. 1995). Critically, all such evidence presented at a preliminary hearing must be accepted as true and viewed in the light most favorable to the Commonwealth. *Commonwealth v. Santos*, 876 A.2d 360, 363 (Pa. 2005).

After reviewing the evidence of record, we concur in the parties' unanimity as to the trial court's error in quashing these charges. With respect to the charge of aggravated assault,[3] the record bespeaks a coordinated attack upon the victim by Appellee and her co-defendant[4] that included thirty repeated blows with closed fists to the victim's head and face. *See* N.T. Preliminary Hearing, 6/7/18, at 10-12. This Court has previously held that evidence of such repeated blows to the head establishes the necessary intent sufficient to make out a *prima facie* case of aggravated assault. *See Commonwealth v. Pandolfo*, 446 A.2d 939, 941 (Pa.Super. 1982) ("[R]epeated blows to a portion of the body as vital as the head exhibited an intent to inflict serious bodily injury."). Even if the victim did not suffer a serious bodily injury in these circumstances, there was a *prima facie* demonstration of intent to cause such injury. *See Commonwealth v. Alexander*, 383 A.2d 887, 889 (Pa. 1978) ("[T]he charge of aggravated assault can be supported . . . if the evidence supports a finding that the blow

---

[3] 18 Pa.C.S § 2702(a).

[4] Co-defendant's appeal is listed consecutively to this one at 2995 EDA 2018.

delivered was accompanied by the intent to inflict serious bodily harm."). The trial court erred in quashing this charge.

With respect to the charges of robbery,[5] theft by unlawful taking,[6] and theft by receiving stolen property,[7] the evidence in the certified record indicates that Appellee and co-defendant utilized their coordinated attack as a means to steal the victim's cell phone. Although the assault was not perfectly contemporaneous with the resulting theft, our case law permits us to draw the inference that the temporal proximity of the assault and the theft sets forth a *prima facie* case that Appellee acted with the intent to put her victim in fear of serious bodily injury such that she could not protect her personal property. **See Commonwealth v. Rodriguez**, 673 A.2d 962, 966 (Pa.Super. 1996) (holding sufficient evidence to establish robbery where a victim was assaulted and, thereafter, his pockets were "ransacked" after he had been rendered prostrate). By the same token, Appellee's misappropriation of the cell phone and continued possession of it established the charges of theft by unlawful taking and theft by receiving stolen property. **See Commonwealth v. Edney**, 439 A.2d 752, 754 (Pa.Super. 1982) (concluding evidence was sufficient with respect to charge of theft by unlawful taking where appellant assaulted a bartender and then stole the money from

---

[5] 18 Pa.C.S. § 3701(a)(1)(ii).

[6] 18 Pa.C.S. § 3921(a).

[7] 18 Pa.C.S. § 3925(a).

his cash register); *see also Commonwealth v. Lewis*, 445 A.2d 798, 799-800 (Pa.Super. 1982) (holding there is *prima facie* evidence of theft by receiving stolen property where perpetrators mugged a victim, took his wallet, and divided the proceeds afterwards). Quashing these charges was similarly erroneous under the facts of this case.

There also appears to be a *prima facie* case of conspiracy to commit robbery in these circumstances. With regard to conspiracy, "[t]he existence of such an agreement need not be demonstrated by direct evidence, but may be inferentially established by showing the relation, conduct or circumstances of the parties." *Commonwealth v. Lawson*, 650 A.2d 876, 880 (Pa.Super. 1994). Here, the Commonwealth established that both Appellee and her co-defendant worked in tandem during the assault and theft perpetrated upon victim, or evidence of prior planning and in-the-moment coordination. Moreover, the attack appeared calculated to result in the successful theft of the victim's property. Finally, Appellee and her co-defendant both arrived and left the scene of the crime together. Under Pennsylvania law, this is sufficient to present a *prima facie* case of conspiracy. *See Commonwealth v. Olds*, 469 A.2d 1072, 1075 (Pa.Super. 1983) (finding sufficient evidence of conspiracy where perpetrators arrived together, acted with common purpose, and left the scene of the crime together).

With respect to the charge of invasion of privacy, the evidence established that Appellee misappropriated nude pictures of the victim that were saved on her stolen phone, and posted them publicly on the social media

website Instagram. *See* N.T. Preliminary Hearing, 6/7/18, at 13-14. Such conduct presents a *prima facie* case of invasion of privacy, where these photographs were viewed by Appellee without the victim's consent and, thereafter, posted on the Internet. *See* 18 Pa.C.S. §§ 7507.1(a)(1), (3). Quashing this charge was also erroneous.

Based on the foregoing, we agree with the collective conclusion of the parties and the trial court. To wit, the trial court erred in quashing the above-discussed charges against Appellee.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/19