J-S16015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
COURTNEY SMITH :
:
Appellant : No. 1777 EDA 2019

Appeal from the Judgment of Sentence Entered June 11, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010235-2017

BEFORE: DUBOW, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.: **FILED MAY 26, 2020**

Appellant Courtney Smith appeals from the June 11, 2019 Judgment of
Sentence entered in the Court of Common Pleas of Philadelphia County
following her non-jury conviction for Aggravated Assault, Recklessly
Endangering Another Person ("REAP"), Disarming a Law Enforcement Officer,
Simple Assault, and Resisting Arrest.[1] Appellant challenges the sufficiency of
the evidence to support the Aggravated Assault, REAP, and Disarming a Law
Enforcement Officer convictions, and the imposition of a sentence for Simple
Assault. After careful review, we affirm in part and vacate in part.

We derive the following relevant facts from the trial court's Pa.R.A.P.
1925(a) Opinion and the certified record. On November 10, 2017, Philadelphia
Police Officer Victor Rodriguez stopped a pickup truck after a drug surveillance

---

[1] 18 Pa.C.S. §§ 2702(a)(3), 2705, 5104.1, 2701, and 5104, respectively.

unit near West Russell Street in Philadelphia observed Appellant purchase street narcotics, and depart the area as a passenger in the vehicle. Officer Rodriguez placed Appellant in handcuffs and into his police car while he searched the vehicle.

When he returned to his car, Officer Rodriguez saw that one of Appellant's hands was free from the handcuffs. When Officer Rodriguez opened the door to replace the cuff, Appellant said "I'm not going to jail," and kicked him twice in the chest hard enough to move him out of the door frame. Appellant exited the car, and began tugging on Officer Rodriguez's service weapon with both hands, but was unable to remove it from the holster.

With her left hand still on Officer Rodriguez's weapon, Appellant attempted to punch him and reach for his groin with her right hand. She then took Officer Rodriguez's asp, a metal baton, from his belt with her right hand and raised it over her head. Officer Rodriguez grabbed Appellant's hand before being hit with the baton, and ordered her to the ground. Backup officers arrived, and assisted with placing Appellant in custody. Officer Rodriguez was not injured in the altercation.

The Commonwealth charged Appellant with the above crimes. At Appellant's waiver trial on January 29, 2019, Officer Rodriguez testified consistent with the above recitation of the facts. Appellant also testified, describing the incident quite differently. Appellant denied reaching for Officer Rodriguez's weapon or asp, and denied punching or kicking him. Rather,

Appellant asserted that Officer Rodriguez pulled her out of his police car, threw her to the ground, and straddled her until backup officers arrived.

The trial court convicted Appellant of all charged offenses. Relevant to our analysis, the trial court, sitting as fact-finder, expressed that it did not give weight to Appellant's testimony: "Ma'am (referring to Appellant), you told an outrageous story. This was a credibility issue, and I did not believe you ma'am. I therefore – and I found the officer showed a lot of restraint. I thought the officer was extremely credible." N.T., 1/29/19, at 67-68.

The court sentenced Appellant on June 11, 2019, to an aggregate sentence of 11½ to 23 months of incarceration with immediate parole and credit for time served, followed by one year of reporting probation to run concurrent with each charge. Most important to this appeal, the court ordered the sentence for Simple Assault to be served concurrently with all other imposed sentences.[2]

> Appellant raises the following issues on appeal:
>
> [1.] Was not the evidence insufficient to convict [A]ppellant of [A]ggravated [A]ssault as a felony of the second degree, where two kicks to the police officer's vest were no attempt to cause bodily injury and [A]ppellant had no intent to cause bodily injury but merely to avoid arrest?

---

[2] Specifically, the court sentenced Appellant to 11½ to 23 months of incarceration for Aggravated Assault, and an identical concurrent sentence for Disarming a Law Enforcement Officer. The court sentenced Appellant to concurrent terms of one year of probation for the remaining convictions.

[2.] Was not the evidence insufficient to convict [A]ppellant of [REAP] where [A]ppellant's actions at no time placed the officer in danger of death or serious bodily injury?

[3.] Was not the evidence insufficient to convict [A]ppellant of [D]isarming a [L]aw [E]nforcement [O]fficer where [A]ppellant's conduct amounted to no more than resisting arrest?

[4.] Where the trial court sentenced [A]ppellant to 11½ to 23 months [of] confinement followed by one year of probation for [A]ggravated [A]ssault, did not the court err in sentencing appellant to one year of concurrent probation for Simple Assault when the offenses merged at sentencing?

Appellant's Br. at 3.

Appellant's first three issues involve challenges to the sufficiency of the evidence. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo,* and our scope of review is plenary." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019) (citation omitted). Further, we must determine:

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the

- 4 -

credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Reed***, 216 A.3d 1114, 1119 (Pa. Super. 2019).

In her first issue, Appellant challenges the sufficiency of the evidence supporting her Aggravated Assault conviction. Appellant argues that she intended only to resist arrest, and, thus, lacked the specific intent to cause bodily injury to Officer Rodriguez. Appellant's Br. at 9. Appellant conflates motivation and intent, arguing in essence that her motivation to avoid arrest means that she did not possess an intent to commit bodily injury.

A person commits Aggravated Assault against a police officer if she "attempts to cause or intentionally or knowingly causes bodily injury to a police officer... in the performance of duty." ***Commonwealth v. Hewlett***, 189 A.3d 1004, 1008 (Pa. Super. 2018); 18 Pa.C.S. § 2702(a)(3). "[T]he Commonwealth has no obligation to establish that the officer actually suffered a bodily injury; rather, the Commonwealth must establish only an attempt to inflict bodily injury, and this intent may be shown by circumstances which reasonably suggest that a defendant intended to cause injury." ***Commonwealth v. Brown***, 23 A.3d 544, 560 (Pa. Super. 2011) (*en banc*) (citation and emphasis omitted). A defendant's alleged subjective motivation for her conduct does not preclude the finding of an intentional act. ***Commonwealth v. Richardson***, 636 A.2d 1195, 1197 (Pa. Super. 1994). Finally, the Crimes Code defines "bodily injury" as "[i]mpairment of physical condition or substantial pain." 18 Pa.C.S. § 2301.

This Court recently addressed a similar issue in **Commonwealth v. Brown**, in which we affirmed a conviction for Aggravated Assault. **Brown**, **supra** at 561. The defendant, Brown, pushed a police officer to the ground while being handcuffed. **Id.** at 560. Another officer then tackled him, and while on the ground, Brown flailed his arms and struck the tackling officer three times, causing him to have a swollen lip. **Id.** In affirming, we held that "[w]hether the officer's swollen lip constitutes a 'bodily injury' for purposes of section 2702(a)(3) is irrelevant, since in a prosecution for aggravated assault on a police officer the Commonwealth has no obligation to establish that the officer actually suffered a bodily injury… It was within the jury's province to find that Brown, by throwing Officer DeBella to the ground and then striking Officer Schiazza repeatedly by wildly flailing his arms as he resisted arrest, intended to cause injury to the officers." **Id.**

Applying the law and controlling precedent to the present case, it was within the trial court's province as fact-finder to find that Appellant intended to cause Officer Rodriguez bodily injury by kicking him twice in the chest, and attempting to take his service weapon, punch him, grab his groin, and hit him with a metal baton. It does not matter to our analysis whether Officer Rodriguez actually suffered a bodily injury.

Appellant's argument regarding her subjective motivation is unavailing. Because Appellant's subjective motivation for her conduct does not negate the fact that it was an intentional act, Appellant is essentially asking this Court to

re-weigh the admitted evidence on her intent. **Richardson**, **supra** at 1197. It is well-settled that the Superior Court may not re-weigh the evidence and substitute our judgment for that of the finder of fact. **Reed**, **supra** at 1119. Accordingly, viewed in the light most favorable to the Commonwealth, we conclude that the admitted evidence was sufficient for the trial court to convict Appellant of Aggravated Assault.

In her second issue, Appellant challenges the sufficiency of the evidence underlying her REAP conviction. In this regard, Appellant's sole assertion is that her actions did not place Officer Rodriguez in danger of death or serious bodily injury. Appellant's Br. at 11-13.

A person commits REAP "if [s]he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705. "Serious bodily injury" is "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S. § 2301. Intent to inflict serious bodily injury may be inferred from "blows to a portion of the body as vital as the head." **Commonwealth v. Pandolfo**, 446 A.2d 939, 941 (Pa. 1982); **See also Commonwealth v. Nichols**, 692 A.2d 181, 184 (Pa. Super. 1997) ("A baseball bat, when swung at the head, can be a very deadly weapon, and it is well settled that use of a deadly weapon on a vital part of the body is sufficient to establish a specific intent to kill").

The Commonwealth must prove that the defendant had an "actual present ability to inflict harm." ***Commonwealth v. Reynolds***, 835 A.2d 720, 727-28 (Pa. Super. 2003) (citation omitted). The "mere apparent ability to inflict harm is not sufficient [to support a REAP conviction]. Danger, and not merely the apprehension of danger, must be created." ***Commonwealth v. Trowbridge***, 395 A.2d 1337, 1340 (Pa. Super. 1978) (footnote omitted).

In the instant case, the Commonwealth's evidence showed that Appellant was in close proximity to Officer Rodriguez when she took his metal baton and raised it over her head in an attempt to hit him with it. From this evidence, it was reasonable for the fact-finder to conclude that Appellant had the present ability to strike Officer Rodriguez, and therefore that Appellant created a dangerous condition. Likewise, it was reasonable for the fact-finder to conclude that such a strike to the head could have caused Officer Rodriguez to suffer a serious bodily injury.[3] Accordingly, we conclude that the admitted evidence, viewed in the light most favorable to the Commonwealth, was sufficient to convict Appellant of REAP.

_____

[3] Appellant and Appellee each focus their briefs on Appellant's attempt to take Officer Rodriguez's service weapon, disagreeing about whether unsnapping Officer Rodriguez's holster was a necessary prerequisite for Appellant to have a "present ability to inflict harm," and thus a REAP conviction. We conclude that the fact-finder could convict Appellant of REAP based on her conduct in removing and attempting to strike Officer Rodriguez with his baton, and decline to address whether unsnapping an officer's holster is a threshold issue to a "present ability to inflict harm." ***Cf. Commonwealth v. Mitchell***, 554 A.2d 542 (Pa. Super. 1989) (affirming REAP conviction for attempting to remove an officer's weapon, unsnapping his holster in the process).

Before addressing Appellant's third issue, we must determine whether she properly preserved it on appeal. The trial court issued a Pa.R.A.P. 1925(b) Order on June 24, 2019, directing Appellant to file a Statement of Errors ("Statement") within 21 days of that Order. Appellant timely filed a Statement on July 12, 2019, challenging the sufficiency of the evidence for the Aggravated Assault and REAP convictions, and the legality of the sentence for Simple Assault. The July 12th Statement also included a request to supplement the Statement after Appellant received the sentencing Notes of Testimony. Statement of Errors, 07/12/19, at ¶ 3.

On August 1, 2019, Appellant filed a Supplemental Statement of Errors raising a challenge to the sufficiency of the evidence supporting the Disarming a Law Enforcement Officer conviction. At no point did counsel for Appellant file an application for permission to file the Supplemental Statement. In its 1925(a) Opinion issued on August 14, 2019, the trial court addressed the issues raised in Appellant's July 12th Rule 1925(b) Statement, but not Appellant's Supplemental Statement filed on August 1st.

Pennsylvania Rule of Appellate Procedure 1925 requires appellants to file a Statement of Errors "concisely identify[ing] each error that the appellant intends to assert." Pa.R.A.P. 1925(b)(4)(ii). Issues not raised in the court-ordered Rule 1925(b) Statement are waived. **Id.** at 1925(b)(4)(vii). Judges are required to give "at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement." **Id.** at 1925(b)(2)(i).

Importantly, "**[u]pon application of the appellant** and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed." *Id.* (emphasis added). "The failure to file such an application within the 21-day time limit set forth in Rule 1925(b)(2) will result in waiver of all issues not raised by that date." ***Commonwealth v. Gravely***, 970 A.2d 1137, 1145 (Pa. 2009). A "reservation of right" or other informal request included in a timely 1925(b) Statement is insufficient to avoid waiver of untimely-raised issues. ***Commonwealth v. Woods***, 909 A.2d 372, 377 n.10 (Pa. Super. 2006).

Appellant's counsel here foreclosed review of this third issue, by failing to include it in Appellant's initial 1925(b) Statement, and by failing to apply for the trial court's permission to file a Supplemental Statement. As a result, Appellant waived this third issue.[4]

In her remaining issue, Appellant argues, and the Commonwealth does not dispute, that this Court should vacate the sentence for Simple Assault because it should have merged with Aggravated Assault for sentencing. Merger is a question of the legality of a sentence, and consequently, our

_____

[4] We note that Pennsylvania jurisprudence recognizes a distinction between errors by counsel that completely foreclose appellate review (which constitute *per se* ineffectiveness), and those that only partially foreclose review. ***Commonwealth v. Rosado***, 150 A.3d 425, 433 (Pa. 2016). Because an untimely Supplemental Statement does not completely foreclose review, we need not remand this case to the trial court to address the Supplemental 1925(b) Statement.

standard of review is *de novo* and scope of review is plenary. ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009). Convictions merge for sentencing when "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Id.*** at 833. Further, it is well-settled that the statutory elements of Simple Assault are included in the statutory elements of Aggravated Assault. ***Commonwealth v. Boettcher***, 459 A.2d 806, 811 (Pa. Super. 1983).

In the present case, the evidence adduced at trial indicates that the crimes arose from a single criminal episode. As a matter of law, Appellant's conviction for Simple Assault should have merged with her conviction for Aggravated Assault for the purposes of sentencing.

Accordingly, we affirm the conviction for Simple Assault, but vacate the sentence imposed. As noted above, the trial court ordered that the sentence for Simple Assault was to be served concurrent with all other sentences. As a result, our disposition does not upset the sentencing scheme, and we need not remand for re-sentencing. We affirm the Judgment of Sentence with respect to the remaining convictions.

Convictions affirmed. Judgment of Sentence affirmed in part, vacated in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/26/2020